EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* DIÓMEDES DOMENECH MELÉNDEZ, acusado y apelante.

*Número:* CR-68-214     *Resuelto:* 20 de noviembre de 1969

---

*Samuel Maduro Classen,* abogado del apelante; *J. F. Rodríguez Rivera, Procurador General Interino,* y *Peter Ortiz, Procurador General Auxiliar,* abogados de El Pueblo.

PER CURIAM: El fiscal formuló acusación contra Cristóbal Zayas Laureano y Diómedes Domenech Meléndez por el delito de hurto mayor cometido el 28 de octubre de 1967 en San Juan, Puerto Rico, cuando "actuando en concierto y de común acuerdo, ilegal, voluntaria, maliciosamente, con la intención criminal de cometer, como en efecto cometieron, hurto y privar permanentemente a su dueño de su legítima pertenencia, sustrajeron de la persona de Jorge Rivera Oyola, un reloj valorado en $150.00, perteneciente a y de la propiedad del referido Jorge Rivera Oyola."

Un jurado declaró culpable al apelante de dicho delito y fue sentenciado a cumplir de 2 a 5 años de presidio. No conforme apeló señalando la comisión de varios errores.

■ En el primer error se plantea la nulidad del veredicto por no haber sido rendido por unanimidad. Este planteamiento ha sido resuelto en contra del apelante en *Pueblo* v. *Maldonado Dipiní,* 96 D.P.R. 897 (1969).

■ Además, habiéndose celebrado el juicio en este caso en 13 de febrero de 1968, tal defensa no estaría disponible para el apelante. *Pueblo* v. *Delgado Lafuente,* 97 D.P.R. 266 (1969).

■ En el segundo error se sostiene que el Tribunal sentenciador debió instruir al jurado sobre la necesidad de que la propiedad sustraída de la persona debe tener algún valor aunque sea ínfimo y sobre lo que debe constituir un bien mueble o la definición de "propiedad".

La prueba estableció que la propiedad hurtada tenía algún valor en el momento del hurto pues el perjudicado declaró que el reloj le había costado $150.00. El juez instruyó al jurado que aun cuando llegara a la determinación de que el reloj valía menos de $100.00 todavía sería un hurto mayor

por haberse hecho la sustracción de la persona. Véase, *Pueblo*
v. *Ortiz*, 76 D.P.R. 247 (1954). El juez instruyó además que
un reloj es un bien mueble y que está, por tanto, incluido en
el término "bienes muebles" usados en la definición del delito
en el Art. 426 del Código Penal. Del conjunto de las instruc-
ciones se desprende que en varias ocasiones el juez habló
en sus instrucciones sobre el valor de la propiedad hurtada.
Aparte de lo dicho el apelante no objetó las instrucciones
transmitidas ni solicitó que se aclararan. *Pueblo* v. *Delgado*
*Lafuente*, supra; *Pueblo* v. *Iturrino de Jesús*, 90 D.P.R. 706
(1964).

█ El tercer error tampoco fue cometido. La prueba no
contradicha demostró que la sustracción del reloj se hizo de
la persona. No procedían instrucciones sobre el delito de
hurto menor. Instrucciones sobre un delito menor sólo proce-
den cuando la prueba así lo justifica. *Pueblo* v. *Pantoja*
*Aguayo*, 97 D.P.R. 236 (1969); *Pueblo* v. *Gagot Mangual*,
96 D.P.R. 625 (1968); *Pueblo* v. *Fuentes Rivera*, Sentencia
de 6 de marzo de 1969.

El tribunal no erró como sostiene el apelante en su cuarto
señalamiento, "al no instruir al jurado lo que se debe entender
por principales y coautores y la actuación en concierto y
común acuerdo y los elementos que deben estar presentes."

█ El Art. 36 del Código Penal, en su texto en inglés,
que es el que debe prevalecer, *Pueblo* v. *Zayas*, 72 D.P.R. 18
(1951), considera también como co-autor al que ayuda o
aconseja en la comisión del acto delictivo. De suerte que no es
correcto afirmar, como lo hace el apelante, que autores son
solamente los que cometen el acto delictivo directamente y
aquellos que no estando presentes hubieren aconsejado su
comisión.

El quinto error no tiene méritos.

El juez instruyó sobre la única prueba que se había pre-
sentado para establecer que la sustracción se había hecho de

la persona. Explicaba entonces el juez porqué el delito era uno de hurto mayor aun cuando el valor del reloj fuera menor de $100.00. Ni esta instrucción ni las generales que fueron trasmitidas fueron erróneas.

■ Como en tantas otras veces, el apelante entresaca de las instrucciones frases aisladas para sostener la incorrección de las instrucciones. Hay que considerar las instrucciones en conjunto para determinar su corrección o incorrección. *Pueblo* v. *Díaz Alicea*, 91 D.P.R. 786 (1965); *Pueblo* v. *Martínez Díaz*, 90 D.P.R. 467 (1964); *Pueblo* v. *Barriera González*, 89 D.P.R. 772 (1964).

El juez instruyó al jurado ampliamente sobre el valor probatorio de las declaraciones de los testigos. Véase, T.E. págs. 80 y 81.

■ En cuanto a la declaración jurada prestada por el testigo Jorge Rivera Oyola y usada por la defensa para impugnarla, si bien es cierto que no pasó al jurado, de la transcripción de la evidencia no aparece que fuera ofrecida en evidencia aunque se marcó para identificación. De todos modos el testigo fue repreguntado sobre alegadas contradicciones y el jurado oyó sus explicaciones.

No consideramos que haya causado perjuicio alguno al apelante. Por tanto el sexto error no fue cometido.

■ Las dos intervenciones del fiscal a que alude el séptimo señalamiento de error, no fueron indebidas. Cuando el apelante fue a exponer su teoría de defensa, lo que realmente estaba haciendo era presentando una moción de absolución perentoria. La intervención del fiscal fue para que se aclarara si se trataba de tal moción o de exposición de la teoría de defensa.

La otra intervención del fiscal cuando la defensa trataba de impugnar a un testigo de cargo apartándose del procedimiento adecuado fue también oportuna.

En el octavo y último error se ataca la suficiencia de la prueba y se imputa al jurado haber actuado movido por pasión y prejuicio.

■ El jurado tuvo ante sí prueba suficiente para rendir el veredicto condenatorio.

La prueba de cargo tendió a demostrar que en la madrugada del día 28 de octubre de 1967, Jorge Rivera Oyola, quien había tomado licor, se encontraba esperando transportación frente al área de estacionamiento municipal de San Juan. Estaba sentado al otro extremo el acusado. Entablaron conversación sobre un yeso que el acusado tenía en un brazo y éste le dijo que una vez le habían quitado un reloj. Rivera Oyola le dijo al acusado que estaba esperando la guagua de San José y se quedó dormido. Al despertarse había otro individuo más junto a él, o sea, entre el acusado y el testigo. Esa otra persona dijo que la guagua de San José había pasado ya. Rivera Oyola abordó un taxi que pasaba. Se dio cuenta en ese momento de que le faltaba el reloj y le indicó al conductor del taxi que le buscara al policía más cercano. Lo consiguieron en la calle Fortaleza, esquina Tanca. En esos momentos subían juntos por la calle Tanca, como si fueran una pareja de enamorados, el acusado y Zayas Laureano. Rivera Oyola se los señaló al policía como sospechosos y éste los detuvo para investigación. Al policía decirles que los detenía para investigación del hurto de un reloj, de entre medio de los dos cayó algo al suelo. El policía los arrestó y solicitó la ayuda de otro policía que estaba en la calle San Francisco. Regresó el policía al lugar del arresto y allí encontró el reloj que el perjudicado identificó como el que le habían hurtado.

En su prueba de defensa, el acusado, aunque admite que estuvo conversando con el perjudicado cuando éste estaba esperando la guagua, niega que le hubiera hurtado el reloj.

Siendo la prueba creída por el jurado suficiente para sostener su veredicto y ajustándose éste a derecho, no lo alteraremos. *Pueblo* v. *Piñeiro,* 77 D.P.R. 531 (1955).

*Por los motivos expuestos, se confirmará la sentencia apelada.*

El Juez Presidente Señor Negrón Fernández, no intervino.