EL PUEBLO DE PUERTO RICO, apelado, *v.* LUIS A. VELÁZQUEZ CARABALLO, acusado y apelante.

*Número:* CR-79-71      *Resuelto:* 14 de noviembre de 1980

*Rafael L. Ydrach Yordán, Rafael Baragaño Amadeo* e *Ignacio Pintado Pintado,* abogados del apelante; *Héctor A. Colón Cruz, Procurador General* y *Rose Mary Corchado Lorent, Procuradora General Auxiliar,* abogados de El Pueblo.

EL JUEZ ASOCIADO SEÑOR RIGAU emitió la opinión del Tribunal.

El apelante hizo dos disparos a dos personas. Mató a un joven de 18 años de edad llamado Roberto Colón. A Ricardo Loyola, a quien también le disparó, no logró herirlo. Fue acusado de asesinato en primer grado, de tentativa de asesinato y por infracción del Art. 8 de la Ley de Armas. 25 L.P.R.A. sec. 418.

El jurado lo encontró culpable de homicidio voluntario y de portación ilegal de armas. Lo absolvió de la tentativa de asesinato. Se le impuso una sentencia de reclusión por el término de 5 a 7 años por el delito de homicidio voluntario y de 2 a 3 años por la infracción del Art. 8 de la Ley de Armas.

La prueba de cargo es verosímil. No es inherentemente increíble o imposible. La de la defensa raya en la inverosimilitud. Ambas pruebas, desde luego, son incompatibles entre sí. El jurado hizo su propia apreciación, con el resultado antes dicho.

El apelante hace seis señalamientos de error. Para considerarlos, es necesario exponer, aunque sea en síntesis, la prueba presentada.

La de cargo demuestra que el día de los hechos, el 31 de octubre de 1977, por la tarde, Roberto Colón y Ricardo Loyola fueron a la Playa El Tuque, jurisdicción de Ponce, Puerto Rico, a pescar. Estacionaron su automóvil cerca de un negocio llamado La Monserrate y se dirigieron hacia la playa llevando consigo equipo de pesca: botas, tridentes, lámparas, etc.

Mientras bajaban por un callejón que conduce a la playa, Nelson Velázquez, dueño del negocio La Monserrate, salió y les dijo que por allí no podían pasar, porque aquello era propiedad privada. Colón y Loyola expresaron que creían que aquello era público, pero no insistieron y aceptaron no proseguir.

Mientras hubo un intercambio de palabras, de cuyo tenor no podemos estar seguros, el dueño del negocio envió a su hijo a buscar al hermano de aquél —el apelante—, quien tenía un negocio allí cercano. Al momento llegó el apelante portando un revólver. Le preguntó a su hermano Nelson que "quiénes eran ellos", y Nelson señaló a Colón y a Loyola, los cuales estaban parados en el paseo de la carretera. Inmediatamente el apelante hizo un disparo a Loyola, a quien no alcanzó, y otro a Roberto Colón, a quien hirió mortalmente en la cabeza.

La prueba de defensa tendió a demostrar que Colón y Loyola habían entrado al negocio de Nelson Velázquez y que le habían dicho que se trataba de un atraco. Pero los supuestos asaltantes no iban armados y el propio Nelson Velázquez

admite que portaban en sus manos equipo de pesca. El apelante sostiene que disparó en defensa de la vida y propiedad de su hermano. Además de que la forma como se describe el atraco no nos parece convincente, tampoco nos parece creíble que dos personas que están asaltando un negocio permitan que del lugar salga un niño a buscar auxilio. Eso es posible, pero no ocurre dentro del desarrollo usual de circunstancias como las descritas. Pero, como indicamos antes, el juzgador de los hechos —el jurado— hizo su propia apreciación. Hemos mencionado las dos versiones de la prueba, para tener trasfondo contra el cual discutir los señalamientos de error.

■ Dichos señalamientos no tienen mérito, pero será necesario mencionarlos brevemente. En el primero se alega que se debieron trasmitir instrucciones en cuanto a la defensa de la vida y bienes de semejantes. Además de que hubo instrucciones al efecto, pues el tribunal explicó al jurado que no incurre en responsabilidad la persona que haya actuado en legítima defensa de su persona, sus bienes y su morada o la persona, bienes o la morada de otros, el planteamiento es tardío. La Regla 137 de Procedimiento Criminal impide que se alegue error en instrucciones no objetadas ni solicitadas.

En el segundo señalamiento se plantea que las instrucciones sobre prueba de buena reputación fueron confusas. Las instrucciones impartidas al efecto fueron las siguientes:

Presentó el acusado, además, como parte de su prueba de defensa, el testimonio de unos testigos de reputación. Sobre eso quiero informarle lo siguiente: El propósito de esa prueba de buena reputación a favor del acusado, el propósito es crear en la mente de ustedes duda razonable sobre su culpabilidad. Dicha prueba debe ser considerada independientemente de que el efecto de la otra prueba con respecto al caso sea claro o dudoso. Cuando dicha prueba es considerada conjuntamente con el resto de la otra prueba, si surge una duda razonable sobre la culpabilidad del acusado éste tiene derecho a ser absuelto. Estos principios no quieren decir que si ustedes resolvieren que el acusado cometió los hechos que le imputa el ministerio público, en la forma que se le imputa, por el hecho de que él gozara de buena reputación

eso no es excusa ni excusa los delitos cometidos, si a juicio de ustedes algunos delitos cometió.

▪ En *Pueblo* v. *Negrón Vélez*, 96 D.P.R. 419, 438–39 (1968), expresamos que cuando se introduce prueba de reputación se debe instruir al jurado en el sentido de que dicha prueba debe ser considerada independientemente de que el resto de la prueba sea clara o dudosa y que la misma pueda establecer duda razonable sobre la culpabilidad del acusado.

Aunque pueda creerse que las instrucciones dadas al efecto no son de una claridad ejemplar, las mismas no justifican la revocación de las sentencias y cumplen sustancialmente con su propósito y con lo expresado en el manual de *Instrucciones al Jurado para el Tribunal Superior de Puerto Rico*, preparado por el Comité Especial designado por el Tribunal Supremo de Puerto Rico para esos fines, publicación del Colegio de Abogados de Puerto Rico, 1976, pág. 25.

En dicho manual, a la página citada, se expresa lo siguiente:

El propósito de la prueba de buena reputación es la de crear duda razonable. Esta prueba considerada conjuntamente con el resto de la prueba presentada puede crear una duda razonable, porque el jurado puede entender, si su criterio así se lo aconseja, que es improbable que una persona de buena reputación pueda cometer un delito como el que se le imputa al acusado. Por tanto, al resolver sobre la culpabilidad o inocencia del acusado, el jurado deberá considerar dicha prueba de buena reputación conjuntamente con la otra prueba presentada, sin importar que el efecto de dicha otra prueba sea claro o dudoso.

Si luego del jurado considerar la prueba de buena reputación, conjuntamente con el resto de la prueba, se convence fuera de toda duda razonable, [de] que el acusado es culpable del delito imputádole, deben declararlo culpable no obstante el hecho de que sea una persona de buena reputación.

Sin embargo, si después de considerar toda la prueba en la forma apuntada, esto es, la prueba de buena reputación conjuntamente con el resto de la prueba, surge duda razonable sobre la culpabilidad del acusado, deben absolverlo.

■ Consideramos buena práctica que las instrucciones al jurado no sean innecesariamente largas ni repetitivas, sino que se ajusten a la letra de la ley, a las instrucciones contenidas en el citado manual de *Instrucciones al Jurado* y que su lenguaje sea claro y directo. Una vez expresado claramente un concepto, su repetición e innecesaria elaboración puede producir confusión en la mente de los oyentes.

En el tercer señalamiento se sostiene que el tribunal debió impartir instrucciones sobre la posesión incidental de armas. Dichas instrucciones no se justificaban, porque la prueba demostró no una posesión incidental, sino una posesión en violación de la ley. El apelante tenía licencia para tener y poseer un arma (no está claro si como jefe de familia o como comerciante), pero no tenía licencia válida y vigente en ese momento para portarla en la vía pública, que fue lo que hizo. La posesión fue ilegal.

■ En el cuarto señalamiento el apelante se queja de que el tribunal le denegó presentar prueba sobre la peligrosidad de Roberto Colón y de Ricardo Loyola. Dicha prueba hubiese sido admisible si hubiese estado en controversia de dónde partió la agresión, de si de parte del acusado o de parte de la víctima, pero en el caso de autos la prueba es clara en el sentido de que al llegar al lugar de los hechos, fue el apelante el que inició la violencia disparándole inmediatamente a Colón y a Loyola. *Pueblo* v. *Cruz*, 65 D.P.R. 172 (1945).[1]

La prueba en este caso demostró que el apelante no conocía a su víctima, de manera que no podía tener conocimiento de su alegado carácter peligroso. Por no haber tenido conocimiento previo de la alegada o supuesta peligrosidad de la víctima, su acción al disparar no pudo haber sido motivada por un supuesto hecho que no conocía.

---

[1] Véanse, además, *Pueblo* v. *Rivera*, 67 D.P.R. 280 (1947); *Pueblo* v. *Castro*, 72 D.P.R. 96 (1951); *Pueblo* v. *García García*, 98 D.P.R. 827 (1970); *Morales Torres* v. *Tribunal Superior*, 99 D.P.R. 459 (1970); *Pueblo* v. *Reyes Lara*, 100 D.P.R. 676 (1972); *Pueblo* v. *Dones*, 102 D.P.R. 118 (1974).

■ El quinto señalamiento es al efecto de que se denegaron tres instrucciones que aparecen discutidas en una moción que presentó el apelante ante este Tribunal, mediante la que solicitaba la transcripción de las instrucciones impartidas. En cuanto a la primera instrucción solicitada, baste con señalar que, como el apelante fue absuelto del delito de tentativa de asesinato, en nada le perjudicó que no se impartiesen instrucciones sobre ese delito. En cuanto a la segunda instrucción sobre posesión incidental, ya nos hemos expresado. En cuanto a instrucciones sobre el móvil o motivo del delito, el fiscal no tiene que presentar prueba sobre el motivo que tuvo un acusado para cometer un acto delictivo en sí. Basta con probar que el acto delictivo se cometió, si los hechos tienen los elementos que constituyen el delito. *Pueblo* v. *Torres*, 75 D.P.R. 231, 241 (1953), y *Pueblo* v. *Ortiz Rodríguez*, 100 D.P.R. 972, 981 (1972).

El sexto y último señalamiento impugna la suficiencia de la prueba. Sobre esto nos hemos expresado. La prueba fue conflictiva; el jurado llegó a sus propias conclusiones sobre la misma y no vemos razón alguna para intervenir con esa apreciación. Más bien, la apreciación del jurado fue benévola.

No habiéndose cometido los errores señalados, *se confirmarán las sentencias apeladas.*

El Juez Asociado Señor Martín concurre en el resultado. El Juez Asociado Señor Díaz Cruz está conforme, excepto que en cuanto al cuarto señalamiento de error acepta el resultado, mas no los fundamentos que allí se aducen. El Juez Asociado Señor Irizarry Yunqué no intervino.