TEXTO COMPLETO DE LA SENTENCIA
Comparece ante nos Wilfredo Ledesma (en adelante el apelante), y nos solicita la revisión de la sentencia emitida por el Tribunal de Primera Instancia, Sala Superior de Bayamón, el día 10 de junio de 1999. Mediante la misma, el tribunal de instancia condenó al apelante a cumplir veinte años de cárcel por el delito de Asesinato en Segundo Grado, cinco años por infracción al Artículo 8 de la Ley de Armas y tres años por la infracción al artículo 6 de dicha Ley, a ser cumplidas de forma concurrente.
Luego de estudiado los hechos y el derecho aplicable, CONFIRMAMOS la sentencia apelada.
I
Los hechos que dan inicio a la presente controversia son los siguientes. El 13 de septiembre de 1997, el apelante se encontraba en el negocio conocido como el "Bar de Miosotis", ubicado en el barrio Santa Olaya de Bayamón. Ese día, se encontraban alrededor de cincuenta personas en el bar con motivo de una pelea de boxeo la cual iba a ser televisada allí. El apelante alega que salió del bar hacia el club de tiro, pero se desvió a investigar un suceso^ de robo en una de las construcciones que supervisaba a solicitud de su jefe el Sr. Gabriel Díaz. Luego regresó directamente al bar y dejó el arma en la guantera de su automóvil, el cual estacionó frente al negocio.
Cerca de las once de la noche llegaron al lugar los hermanos José y Samuel Soto Quintero (en adelante Soto Quintero), en compañía de su primo Roberto y su tío Santos. Estos se sentaron en el billar a ver la pelea.
Al finalizar la pelea, Soto Quintero y su hermano conversaron con un tal Frankie quien acompañaba al apelante; éste alegadamente ofreció a Soto Quintero hacer un "tumbe de $50,000.00". Soto Quintero, para evadir a propuesta de Frankie, le dijo que si tenía una foto de su mujer desnuda, por lo que éste se retiró molesto. Más adelante, la esposa de Frankie comenzó a discutir con Soto Quintero al enterarse del comentario de éste. Frankie y el primo de Soto Quintero, Roberto, comenzaron a pelear. Alega el apelante que en ese momento fue a su vehículo, sacó el arma de la guantera e hizo un disparo al aire con la intención de calmar las cosas. Soto Quintero y el apelante comenzaron a discutir. Según la prueba testifical desfilada ante el tribunal de instancia, Soto *1101 Quintero le decía al apelante "eres un chota y un presentad". Alegó el apelante que Soto Quintero tenía una navaja con la cual lo amenazaba y que con ella lo hirió en el brazo derecho. Alegó, además, que se sintió amenazado por Soto Quintero y las personas que lo acompañaban, por lo que le disparó a éste alcanzándolo en el estómago, causándole la muerte. Según la prueba de cargo al momento de ser disparado, lo único que Soto Quintero tenía en la mano era una camisa mojada. Según testificara Santos Soto Agosto, tío de Soto Quintero, el apelante, luego de dispararle y herir a Soto Quintero, expresó "a todos los voy a explotar".
El juicio fue celebrado por tribunal de derecho durante el período del 23 de noviembre de 1998 y 10 de diciembre del mismo año. Por esos hechos, el apelante fue declarado culpable de asesinato en segundo grado y violaciones a la Ley de Armas. El 10 de junio de 1999, el Tribunal de Primera Instancia emitió sentencia condenando al apelante a cumplir veinte años de cárcel por el delito de Asesinato en Segundo Grado y tres y cinco años por los delitos de la Ley de Armas. No conforme con tal determinación, el apelante presento escrito de apelación, el 25 de junio de 1999. Mediante el mismo, nos señala la comisión de los siguientes errores:

"Primero: Erró el Honorable Tribunal, como cuestión de derecho, al no conceder al apelante el beneficio de la duda razonable, vista la totalidad de la prueba en cuanto a los delitos instruidos y a la defensa levantada de legítima defensa.

Segundo: Erró el Honorable Tribunal al no considerar como probada la legítima defensa o en la alternativa a la absolución, el delito de homicidio y al no concederle una sentencia suspendida o probatoria.

Tercero: Erró el Honorable Tribunal al dar crédito al principal testigo de cargo, siendo su testimonio uno contradictorio, completamente inverosímil, físicamente imposible y notablemente motivado y prejuiciado.

Cuarto: Erró el Honorable Tribunal al eliminar y/o no permitir el testimonio de dos testigos de carácter del occiso traídos por la defensa.

Quinto: Erró el Honorable Tribunal y abuso de su discreción al imponer la sentencia de asesinato en segundo grado con agravantes en lugar de atenuantes."

Al estar perfeccionado el recurso ante nos, procedemos a resolver.
II
Por estar relacionados con la apreciación de la prueba por parte del tribunal de instancia, atenderemos en conjunto los primeros tres errores señalados por el apelante. Nuestro ordenamiento constitucional promulga el que todo acusado de delito sea presumido inocente, hasta tanto su culpabilidad no sea probada más allá de duda razonable. Constitución del Estado Libre Asociado de Puerto Rico, Artículo II, Sección 11; Pueblo v. Sánchez Molina, _ D.P.R. _ (1993), 93 J.T.S. 140, página 11245; Pueblo v. González Román, _ D.P.R. _ (1995), 95 J.T.S. 86, página 989. Como corolario de dicha disposición constitucional, el Estado es quien tiene la obligación de demostrar la culpabilidad del acusado más allá de duda razonable mediante la presentación en evidencia, en juicio público, de pmeba que sea suficiente en derecho. Dicha prueba debe versar sobre todos los elementos del delito imputado y su conexión con el acusado más allá de duda razonable, Pueblo v. Rosaly Soto, 128 D.P.R. 729, 739 (1991); Pueblo en interés del menor F.S.C., 128 D.P.R. 931, 941 (1991); Pueblo v. Sánchez Molina, supra, página 11245; Pueblo v. González Román, supra, página 989; Pueblo v. Calderón Alvarez, (1996), 96 J.T.S. 57, página 1010.
Además de ser suficiente, la prueba presentada por el Ministerio Público debe ser satisfactoria; es decir, que produzca certeza o convicción moral en una conciencia exenta de preocupación. Pueblo v. Colón Burgos, _ D.P.R. _ (1996), 96 J.T.S. 52, página 971; Pueblo v. Rodríguez Santana, supra, página 234.
La apreciación hecha por el juzgador de los hechos sobre la culpabilidad de todo acusado, es una cuestión mixta de hecho y de derecho. Por tal razón, la determinación de culpabilidad más allá de duda razonable puede *1102 ser revisada en apelación como cuestión de derecho. No obstante, al apreciar la evidencia presentada ante e juzgador de los hechos, los tribunales apelativos deben reconocer la inigualable posición en que están los foros juzgadores. Por ello y con el fin de mantener un adecuado balance al evaluar el veredicto recaído, en la medida en que los jueces de instancia y los jurados están en mejor posición de apreciar y aquilatar la prueba presentada, su apreciación merecerá gran deferencia y los tribunales apelativos no intervendrán con la misma en ausencia de pasión, prejuicio, parcialidad o error manifiesto, o cuando un análisis integral de la pmeba así lo justifique. Pueblo v. Cabán Torres, 117 D.P.R. 645, 653-654 (1986); Pueblo en interés del menor F.S.C., supra, página 942; Pueblo v. Maisonave Rodríguez, 129 D.P.R. 49, 63 (1991); Pueblo v. Rivera, _ D.P.R. _ (1994), 94 J.T.S. 150, página 510; Pueblo v. Chévere Heredia, supra, página 35; Pueblo v. Dávila Delgado, _ D.P.R. _ (1997), 97 J. T.S. 68, página 1008; Pueblo v. Rodríguez Santana, supra, página 234.
El hecho de que existan contradicciones en las declaraciones de un testigo, eso de por sí sólo, no justifica que se rechace dicha declaración en su totalidad, si las contradicciones no son decisivas y si el resto del testimonio es suficiente para establecer la transacción delictiva, superar la presunción de inocencia y establecer la culpabilidac más allá de duda razonable. Pueblo v. Orellano Gómez, 92 D.P.R. 546, 548 (1965).
El delito de Asesinato, como se sabe, constituye un solo delito; es decir, dar muerte a un ser humano con malicia premeditada. Artículo 82 del Código Penal, 33 L.P.R.A. see. 4001. Este se divide en grados en atención a la perversidad demostrada por el acusado al cometer el acto y a los fines de la imposición de la pena. Pueblo v. Rivera Alicea, 125 D.P.R. 37, 44 (1989); Pueblo v. Colón, 65 D.P.R. 760 (1946) El Asesinato en Segundo Grado es la muerte ilegal de un ser humano, realizada con malicia premeditada, pero sin mediar deliberación. Artículo 83 del Código Penal, 33 L.P.R.A. sec. 4.002; Pueblo v. Robles González, 132 D.P.R. 554, 563 (1993); Pueblo v. Gómez Nazario, 121 D.P.R. 66, 73 (1988). La malicia premeditada implica la ausencia de justa causa o excusa al ocasionar la muerte y la intención de cometer el referido acto, Pueblo v. Méndez, 74 D.P.R. 913, 921 (1953), y esa intención se puede manifestar al realizar un acto o al producir un grave daño corporal, cuya consecuencia probable sea la muerte de la persona. Pueblo v. Rivera Alicea, supra, pág. 45.
Una de las defensas disponibles en las acusaciones por Asesinato, es la legítima defensa. La misma se recoge en el Artículo 22 del Código Penal, 33 L.P.R.A. see. 3095, de la siguiente manera:

No incurre en responsabilidad el que defiende su persona, sus bienes o derechos, o su morada, o la persona, bienes o derechos, o morada de otros en circunstancias que hicieren creer razonablemente que se ha de sufrir un daño inminente, siempre que hubiere necesidad racional del medio empleado para impedir o repeler el daño, falta de provocación suficiente del que ejerce la defensa, y no se inflija más daño del necesario al objeto.

Para justificar dar muerte a un ser humano, cuando se alegue legítima defensa, es necesario tener motivos fundados para creer que al dar muerte al agresor, se hallaba el agredido, o la persona defendida, en inmediato peligro de muerte o de grave daño corporal."

Para que prospere la legítima defensa, es indispensable que concurran los siguientes requisitos: (1) que la persona tenga una creencia razonable que se ha de sufrir un daño inminente; (2) que haya necesidad racional del medio utilizado para impedir o repeler el daño; (3) que no haya provocación de quien invoca la defensa; (4) que io se inflija más daño que el necesario para repeler o evitar el daño; y 5) que la persona tenga motivos fundados oara creer que al dar muerte al agresor, se hallaba en inminente o inmediato peligro de muerte o de grave daño corporal. Reyes Salcedo v. Policía de Puerto Rico, Op. del 13 de mayo de 1997, 97 J.T.S. 58, a la página 960; Pueblo v. González Román I, 129 D.P.R. 933, 940 (1992); Pueblo v. De Jesús Santana, 100 D.P.R. 791, 798
En la apelación ante nuestra consideración, el apelante alega que los delitos imputados no fueron probados más allá de duda razonable y que la prueba presentada tendió a demostrar que disparó a Soto Quintero en defensa oropia al ver amenazada su vida. El Tribunal de Primera Instancia concluyó que el apelante tuvo el control de la escena, utilizó su arma en una ocasión de forma preventiva al disparar al aire para tratar de controlar la situación y *1103 que nada evitaba que volviera a hacerlo; sin embargo, optó por dispararle al cuerpo de Soto Quintero. El tribunal de instancia consideró y descartó la teoría del apelante de legítima defensa luego de evaluar la prueba ante si.
Los hechos probados demuestran que la prueba presentada por el Ministerio Público versó sobre todos los elementos del delito y la misma conectó al apelante con los delitos imputados. La prueba, además, satisface nuestra conciencia. Al no hallar indicios de pasión, prejuicio, parcialidad o error manifiesto en la decisión del juzgador, no alteraremos su apreciación de la prueba. Concluimos que los errores no fueron cometidos.
III
Como cuarto error señala el apelante que erro el tribunal de instancia al no permitir el testimonio de dos testigos que hablarían sobre el carácter de Soto Quintero.
La Regla 20(A) (3) de Evidencia, 32 L.P.R.A. Ap. IV, R. 20 (A) (3), permite la presentación de prueba de carácter de la víctima por la trascendencia que ésta pueda tener para la defensa del acusado, particularmente en casos de Asesinato donde se formula una teoría de legítima defensa. Véase Pueblo v. Martínez Solís, 128 D.P.R. 135, 152 (1991). Bajo el supuesto anterior, un testigo de defensa puede testificar que la víctima era una persona violenta o agresiva y dicho testimonio puede ser en forma de reputación o de opinión. Id
Prueba sobre la peligrosidad de la víctima es admisible cuando está en controversia de dónde provino la agresión, si de parte del acusado o de parte de la victima. Pueblo v. Velázquez Caraballo, 110 D.P.R. 369, 374 (1980).
Para que el testimonio de carácter en forma de reputación sea admisible, el proponente de la evidencia tiene que sentar las bases para su admisibilidad; es decir, que el testigo sabe de lo que está hablando por su familiaridad con la comunidad o el grupo pertinente. Además, la reputación o el juicio comunitario debe comprender un período cercano a los hechos en controversia. Chiesa, E. L., Tratado de Derecho Probatorio, Publicaciones J.T. S., 1998, Tomo I, págs. 38-39.
En el caso de autos, el apelante presentó el testimonio del Sr. Orlando Parga Cuevas con el propósito de establecer el alegado carácter peligroso de Soto Quintero. El tribunal de instancia decidió no aceptar dicho testimonio porque entendió que carecía de la base adecuada para que fuera aceptado como evidencia testifical de carácter en forma de reputación. Ello, porque dicho testigo residió en el Sector Santa Olaya durante cuatro meses en los que no compartió con Soto Quintero, por lo que no contaba con elementos de juicio suficientes para prestar testimonio sobre el carácter de la víctima.
De igual forma, el testimonio del Agente Orlando Oyóla, quien narró la forma en que se comportó Soto Quintero cuando intervino con éste varios años antes de los hechos aquí narrados, fue presentado con la intención de demostrar el carácter violento de la víctima. Al igual que el testimonio de carácter sobre reputación, el testimonio de opinión sobre carácter requiere sentar las bases. Se requiere establecer que el testigo tenga conocimiento personal de la persona sobre cuyo carácter opina y que la conozca lo suficientemente bien como para poder formar una parte confiable de su carácter. Chiesa, Ob.cit., pág. 40. El testimonio del Agente Oyóla no cumplió con el propósito de su oferta, por lo que fue excluido por el tribunal de instancia.
Surge de la exposición narrativa estipulada que aunque no se permitió prueba de reputación en general, sí se permitió prueba sobre actos específicos de violencia por parte de Soto Quintero, los cuales fueron narrados por el apelante. Dicho testimonio tuvo el efecto de poner en condiciones al foro de instancia para evaluar su teoría de la legítima defensa, la cual fue rechazada por dicho foro, luego de evaluar la totalidad de las circunstancias del caso, no por la exclusión de evidencia como señala el apelante. El error no fue cometido.
IV
Como quinto y último error señala el apelante que el tribunal de instancia debió dictar sentencia de Asesinato en Segundo Grado con atenuantes en vez de agravantes. _
*1104 Dicha determinación fue hecha bajo la discreción del tribunal de instancia quien tenía los elementos necesarios de juicio para hacerla. La pena impuesta está sostenida por la prueba desfilada y es proporcional a la severidad de la conducta delictiva incurrida por el apelante. Pueblo v. Torres Rivera, 137 D.P.R. 630, 641 (1994); Pueblo v. González, 116 D.P.R. 614 (1985). Como mencionáramos anteriormente, no alteraremos la apreciación de la prueba por parte del tribunal de instancia en ausencia de pasión, prejuicio, parcialidad o error manifiesto.
Por todos los fundamentos anteriormente expuestos, confirmamos la sentencia apelada.
Lo acordó el Tribunal y lo certifica la Subsecretaría General.
Gladys E. Ortega Ramírez
Subsecretaría General