ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| EL PUEBLO DE PUERTO RICO<br><br>Apelado<br><br>v.<br><br>JAY O'NEILL GONZÁLEZ MERCADO<br><br>Apelante | KLAN202200034 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso Núm.: D VI2020G0016 D LA2020G0130, 131 D DC2020G0002 D FJ2020G0006<br><br>Sobre: Art. 93-B C.P. (1er grado), Art. 6.05 y 6.14 Ley 168, Art. 157 y 268 C.P. |

Panel integrado por su presidente, el Juez Bonilla Ortiz, la Jueza Mateu Meléndez y la Jueza Martínez Cordero[1].

Martínez Cordero, jueza ponente

## SENTENCIA

En San Juan, Puerto Rico, a 30 de junio de 2023.

Comparece el señor Jay O'Neill González Mercado (en adelante, apelante), mediante un recurso de *apelación,* para solicitarnos que se revoque la *Sentencia* dictada el 16 de diciembre de 2021, notificada el 17 de diciembre de 2021, por el Tribunal de Primera Instancia, Sala Superior de Bayamón (en adelante, TPI), mediante la cual, luego de la celebración de un juicio por jurado, fue encontrado culpable, de forma unánime, por todos los cargos imputados y, se le sentenció a 129 años de cárcel.

I

Conforme surge de los autos originales, por hechos acaecidos los días 17 y 27 de septiembre de 2020, el Ministerio Público presentó acusaciones contra el apelante en las cuales se le imputó

---

[1] Véase, Orden Administrativa OATA-2023-001 del 9 de enero de 2023, en la que se asigna el presente recurso a la Hon. Beatriz M. Martínez Cordero en sustitución de la Hon. Juan R. Hernández Sánchez.

la comisión de los siguientes delitos: (i) asesinato en primer grado[2]; (ii) portación, transportación o uso de armas de fuego sin licencia[3]; (iii) disparar o apuntar armas de fuego voluntariamente[4]; (iv) declaración o alegación falsa sobre delito[5]; y (v) secuestro[6].

Luego de varios incidentes procesales innecesarios pormenorizar, se celebró el correspondiente juicio el 16 de diciembre de 2020. Allí, un Jurado de forma unánime, halló al apelante culpable por todos los delitos imputados.

Finalmente, el foro primario dictó Sentencia y condenó al apelante a 99 años de prisión por el Art. 93B, 25 años por el Art. 157, 3 años por el Art. 268; por los cuales cumpliría el término máximo permitido de 99 años, en virtud del Art. 79B(1) del Código Penal; 10 años de prisión por el Art. 6.05 de la *Ley de Armas de Puerto Rico*, según enmendada, Ley Núm. 168 de 11 de diciembre de 2019[7], (en adelante, Ley de Armas), duplicado en virtud del Art. 6.01, para un total de 20 años y, a 5 años por el Art. 6.14 de la Ley de Armas, duplicado en virtud del mismo Art. 6.01, para un total de 10 años. Dispuso el TPI, que las penas se cumplirían de manera consecutiva.[8]

Inconforme, el 14 de enero de 2023, el apelante compareció ante esta Curia esgrimiendo la comisión de dos (2) errores por el TPI, a saber:

> ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA, SALA SUPERIOR DE BAYAMÓN AL NEGARSE A PROVEER LA INSTRUCCIÓN SOBRE LA FIGURA DEL COOPERADOR SEGÚN CONTENIDA EN LA SECCIÓN 4.10 DEL PROYECTO DE INSTRUCCIONES A LOS JURADOS ANTE LA EVIDENCIA PRESENTADA EN SALA QUE AMERITABA LA MISMA.
>
> ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA, SALA SUPERIOR DE BAYAMÓN AL SENTENCIAR AL

---

[2] 33 LPRA § 5142, Art. 93(b).
[3] 25 LPRA § 466d, Art. 6.05.
[4] 25 LPRA § 466m, Art. 6.14(a).
[5] 33 LPRA § 5361, Art. 268.
[6] 33 LPRA § 5223, Art. 157.
[7] 25 LPRA § 461 *et seq.*
[8] *Véase* Sentencia de los autos elevados.

APELANTE POR LOS DELITOS DESCRITOS ANTE LA AUSENCIA TOTAL DE PRUEBA EN CUANTO A LA IDENTIFICACIÓN DE ÉSTE EN LA PARTICIPACIÓN EN EL SECUESTRO LO QUE PREVIENE SU CONVICCIÓN POR EL ASESINATO EN SU MODALIDAD ESTATUTARIA Y LOS DELITOS DE LA LEY DE ARMAS.

Presentado el recurso de *apelación*, este tribunal intermedio, mediante *Resolución* emitida el 19 de enero de 2022, concedió término al apelante para que (i) tramitara una regrabación de los procedimientos judiciales ante el TPI; y (ii) presentara la transcripción de la prueba por estipulación. Superado el término concedido sin que el apelante cumpliese con lo ordenado, esta Curia emitió una *Resolución* el 16 de marzo de 2022. En ella, se concedió término al representante legal del apelante para que mostrara causa por la cual no se le debía imponer una severa sanción económica debido al incumplimiento con la *Resolución* del 19 de enero de 2022.

En respuesta, mediante *Moción en Cumplimiento de Orden*, presentada por el apelante el 23 de marzo de 2022, informó y acreditó, en lo pertinente, que el 28 de enero de 2022, había presentado la solicitud de regrabación ante el TPI, pero adujo no haber recibido la información sobre los honorarios ni la cantidad de discos compactos necesarios, así como tampoco, la orden del foro primario autorizando la misma. Sobre el particular, este tribunal intermedio, mediante una *Resolución* emitida el 24 de marzo de 2022, concedió veinte (20) días al apelante para informar los trámites realizados ante el TPI en torno a la solicitud de regrabación. El apelante no cumplió con lo ordenado.

De ahí, pasaron casi tres (3) meses. Entonces, el 14 de junio de 2022, esta Curia emitió una *Resolución* en la cual hizo un recuento procesal del caso de autos, desde el momento en que se presentó. Determinó, tras la parte apelante incumplir con las órdenes de este Tribunal, imponer una sanción económica de $500.00 al representante legal del apelante, así como un término de

treinta (30) días para que se presentara la transcripción estipulada. Inconforme, el 22 de junio de 2022, el apelante presentó una *Moción sobre Reconsideración*, la cual fue denegada mediante *Resolución* emitida el 23 de junio de 2022. Destacamos que, en dicha *Resolución* este Tribunal Intermedio, además de denegar la solicitud de reconsideración, dispuso: "[e]sta apelación está presentada desde el 14 de enero de 2022 y los abogados tienen un deber de ser diligentes en la atención de sus casos". Así las cosas, el 5 de julio de 2022, el apelante, mediante escrito intitulado *Moción sobre Cumplimiento de Orden*, pagó la sanción impuesta. En respuesta, mediante *Resolución* emitida el 6 de julio de 2022, este Tribunal dio por cumplida la orden sobre imposición de sanciones económicas.

El 20 de julio de 2022, el apelante presentó *Moción sobre Término Adicional para Presentar Transcripción Estipulada*. En su escrito, informó que el 19 de julio de 2022 fue la fecha en que recogió la regrabación de los procedimientos y, solicitó un término de treinta y cinco (35) días para presentar la transcripción estipulada. Mediante *Resolución* emitida el 2 de agosto de 2022, se concedió el término solicitado. De ahí, el 23 de septiembre de 2022, el apelante presentó escrito intitulado *Moción sobre Término Adicional para Presentar Transcripción Estipulada*. Solicitó un término adicional de treinta (30) días -al previamente concedido- para completar la transcripción de la vista y lograr la estipulación de la misma. En respuesta, esta Curia, mediante *Resolución* emitida el 26 de septiembre de 2022, concedió nuevamente el término solicitado. No obstante, en esa ocasión, esta Curia también hizo referencia al tracto procesal del caso desde que se presentó en enero de 2022, el tiempo decursado sin que se hubiese presentado la transcripción estipulada, la sanción económica impuesta y en ese momento, la nueva solicitud de término adicional. En dicha *Resolución* se apercibió que, de no presentarse la transcripción estipulada en el

nuevo término concedido, se impondría una sanción económica de $1,000.00 a la representación legal del apelante.

Tras haber decursado casi tres (3) meses sin que se presentara escrito alguno, incluyendo el que el apelante no acreditó haber cumplido con la *Resolución* del 26 de septiembre de 2022, el 5 de diciembre de 2022, compareció el Pueblo de Puerto Rico, representado por la Oficina del Procurador General de Puerto Rico, mediante escrito intitulado *Solicitud de Extensión de Término para Revisar Transcripción*. Allí expuso que, el 8 de noviembre de 2022, recibió un borrador de la transcripción de la prueba y que debido a que la misma era voluminosa, requerían de un término de sesenta (60) días para revisarla y notificar al apelante si se estipulaba. En respuesta, mediante *Resolución* emitida el 7 de diciembre de 2022, esta Curia concedió el término solicitado, determinando que sería final e improrrogable.

El 20 de enero de 2023, el Pueblo de Puerto Rico presentó escrito intitulado *Solicitud de Extensión de Término para Revisar Transcripción*. Allí, expuso que, al revisar la transcripción que le fue notificada, faltaban dos (2) días de juicio, cuya regrabación no fue entregada por el foro primario al Estado, ni al apelante. Expuso que los días de juicio que faltaban eran el 29 de septiembre y el 6 de octubre de 2021. Expresó, además, que en cuanto a los días de juicio cuya transcripción fue entregada, la misma era correcta en cuanto a todo lo sustancial. Sostuvo que mientras no se le entregara la transcripción, el Pueblo estaba impedido de estipularla. Solicitó que el apelante enviara la transcripción de los días que faltaban, una vez el foro primario notificara las regrabaciones faltantes y que de ahí se concediera término para revisar y determinar si se estipulaba la misma.

Mediante *Resolución* emitida el 25 de enero de 2023, esta Curia concedió un término adicional hasta el 20 de febrero de 2023,

para cumplir con la *Resolución* del 7 de diciembre de 2022. En atención a la *Resolución* emitida el 1 de febrero de 2023, el Pueblo de Puerto Rico presentó escrito intitulado *Relevo de Resolución.* Por su parte, el 23 de febrero de 2023, el apelante presentó *Réplica a Solicitud de Relevo de Resolución.* Precisa destacar que, como parte del escrito presentado por el apelante, se incluyó un escrito presentado ante el TPI por la Coordinadora de Grabación, en la cual, en lo pertinente, surge que no existía audio en las fechas del 29 de septiembre y 6 de octubre de 2021. Tomando en cuenta lo expuesto por las partes, mediante *Resolución* emitida el 8 de marzo de 2023, este Tribunal concedió treinta (30) días a la parte apelante para que presentara un proyecto de exposición narrativa de la prueba oral de los días de juicio -de los cuales no existe grabación-. También se determinó que, a partir de esa fecha, se activarían los términos provistos en la Regla 76.1(A)(3) del Reglamento del Tribunal de Apelaciones[9].

Superado el término concedido por este Tribunal sin que se cumpliera con lo ordenado en la *Resolución* del 8 de marzo de 2023, procedimos a emitir una *Resolución* el 25 de abril de 2023. En lo pertinente, se concedió un término final de diez (10) días al apelante para que presentara la exposición narrativa ordenada. Se advirtió que, de no presentarse, se entendería que no presentaría la misma. En dicha *Resolución*, se concedió, además, un término al Estado, pero según veremos, posteriormente, específicamente en cuanto a este término, el mismo se dejó sin efecto mediante *Resolución* del 9 de mayo de 2023, más, se dispuso que, de presentarse el proyecto de exposición narrativa, la parte apelada tendría veinte (20) días para revisar, objetar o estipular la misma.

---

[9] 4 LPRA Ap. XXII-B, R. 76.1(A)(3).

Finalmente, el 14 de junio de 2023, tras haber decursado el término concedido al apelante mediante la *Resolución* del 25 de abril de 2023, este tribunal intermedio concedió al apelante un **término final e improrrogable hasta el 26 de junio de 2023**, para presentar el proyecto de exposición narrativa. Advirtió, además, que, de no presentarlo en el término concedido, se procedería a disponer del recurso sin el beneficio de la exposición narrativa, ni de la parte de la transcripción de la prueba que ya le había sido entregada al Ministerio Público. Se le advirtió, además, que el caso podría ser desestimado. Esta Curia ordenó la notificación de dicha *Resolución* a todas las partes, incluyendo al Secretario del Departamento de Corrección y Rehabilitación para que le hiciera entrega de la misma al señor Jay O'Neill González.

Sin embargo, habiendo transcurrido el término concedido, el apelante no ha presentado el proyecto de exposición narrativa ni ha comparecido para acreditar justa causa para su inobservancia. En vista de ello, se da por perfeccionado el recurso y procedemos a resolver.

II

**A. Apelación Criminal**

El trámite procesal de un recurso de apelación criminal, desde el Tribunal de Primera Instancia, pasando por este Tribunal intermedio, y hasta el Tribunal Supremo, se rige por las Reglas 193 a 217 de las Reglas de Procedimiento Criminal, según enmendadas.[10] Asimismo, las Reglas 23 a 30.1 del Reglamento de nuestro Tribunal[11], rigen el trámite a seguir desde la presentación del recurso de apelación criminal, hasta su perfeccionamiento. La Regla 23 de nuestro Reglamento dispone que, un escrito de apelación criminal contra una sentencia emitida por el tribunal de

---

[10] 34 LPRA Ap. II.
[11] 4 LPRA Ap. XXII-B.

instancia tiene que ser presentado ante el Tribunal de Apelaciones dentro del término jurisdiccional de treinta (30) días, computados a partir de la fecha en que se dictó la sentencia.[12] Como es sabido, un plazo jurisdiccional es de carácter fatal. Ello quiere decir que no admite justa causa, es improrrogable, y que su incumplimiento es insubsanable.[13]

En lo pertinente al caso ante nuestra consideración, cuando se señala un error relacionado con la suficiencia de la prueba testifical o con la apreciación errónea de la misma, la Regla 29 de nuestro Reglamento dispone que la parte apelante deberá presentar la porción de la prueba oral presentada ante el Tribunal de Primera Instancia que estime necesaria para resolver el recurso.[14] La parte apelante deberá radicar una moción dentro de los diez (10) siguientes a la radicación del recurso, en la que acredite el método de reproducción de la prueba que ha de utilizar y los motivos por los cuales este es el más apropiado.[15] Con respecto a la reproducción de la prueba oral mediante transcripción, la Regla 29(C) dispone que se hará conforme a la Regla 76 del mismo reglamento.[16] Si se tratase de exposición estipulada o exposición narrativa, se hará conforme a las disposiciones de la Regla 76.1.[17] Cabe destacar que la Regla 76 dispone de un término de treinta (30) días, contados a partir de la entrega de la regrabación, para que la parte apelante presente la transcripción de la prueba oral, salvo que esta Curia disponga otra cosa.[18]

---

[12] *Id.*, R. 23.
[13] *Martínez, Inc. v. Abijoe Realty Corp.*, 151 DPR 1, 7 (2000); *Arriaga v. FSE*, 145 DPR 122, 131 (1998); *Loperena Irizarry v. ELA*, 106 DPR 357, 360 (1977).
[14] 4 LPRA Ap. XXII-B, R. 29.
[15] *Id.*, R. 29(B).
[16] *Id.*, R. 29(C).
[17] *Id.*
[18] 4 LPRA Ap. XXII-B, R. 76.

### B. Instrucciones al Jurado

Las instrucciones al jurado constituyen el mecanismo procesal mediante el cual los miembros del jurado toman conocimiento del derecho aplicable al caso.[19] De ordinario, el jurado está compuesto de personas que desconocen las normas jurídicas vigentes en nuestro ordenamiento jurídico.[20] En razón de ello, el magistrado que preside el proceso tiene un deber insoslayable de instruir a los miembros del jurado sobre el derecho aplicable al caso, así como de procurar que las instrucciones impartidas sean correctas, precisas y lógicas.[21] Ello asegura que el desenlace del proceso adversativo esté guiado por el derecho y los hechos.[22]

Las instrucciones al jurado deben incluir los elementos del delito imputado y, si la prueba lo justifica, los elementos de los delitos inferiores al imputado o de aquellos comprendidos dentro de este.[23] Cabe destacar que el tribunal debe hacer hincapié en que el Ministerio Público tiene la obligación de establecer todos los elementos del delito más allá de duda razonable.[24]

A tenor, la Regla 137 de Procedimiento Criminal[25] provee para que tanto el Ministerio Público como la defensa soliciten, antes de que el jurado se retire a deliberar, instrucciones especiales al foro de instancia. En lo pertinente al caso de autos, la precitada regla dispone lo siguiente:

> **Ninguna de las partes podrá señalar como error cualquier porción de las instrucciones u omisión en las mismas a menos que planteare su objeción a ellas o solicitare instrucciones adicionales antes de retirarse el jurado a deliberar**, exponiendo claramente los motivos de su impugnación, o de su solicitud. Se le proveerá oportunidad para formular éstas fuera de la presencia del jurado. El tribunal

---

[19] *Pueblo v. Rodríguez Vicente*, 173 DPR 292, 297 (2008), citando a E.L. Chiesa Aponte, *Derecho procesal penal de Puerto Rico y Estados Unidos*, Bogotá, Ed. Forum, 1992, Vol. II, pág. 330.

[20] *Pueblo v. Rodríguez Vicente*, supra, pág. 297-298; *Pueblo v. Ortiz Martínez*, 116 DPR 139, 150 (1965).

[21] *Id.*

[22] *Pueblo v. Acevedo Estrada*, 150 DPR 84, 95 (2000).

[23] Pueblo v. Rosario, 160 DPR 592, 604-605 (2003).

[24] *Id.*

[25] 34 LPRA Ap. II, R. 137.

procederá entonces a resolver la cuestión, haciendo constar su resolución en el expediente o trasmitiendo cualquier instrucción adicional que estimare pertinente.[26] (Énfasis nuestro).

Surge con meridiana claridad que la Regla 137 de las de Procedimiento Criminal[27] impide que se alegue que hubo un error en las instrucciones no objetadas ni solicitadas.[28] Por tanto, la defensa debe objetar oportunamente las instrucciones ante el foro primario para que este pueda corregir cualquier error que cometa.[29]

No obstante, en instancias en las que una apelación impugne las instrucciones impartidas al jurado, las mismas se deben considerar en conjunto para así determinar su corrección o incorrección.[30] A tales efectos, el Tribunal Supremo ha expresado que "si las instrucciones que efectivamente transmitió el tribunal a los señores del jurado, o aquellas que omitió transmitir, lesionan derechos fundamentales del acusado, ello podría alegarse como error en la etapa apelativa a pesar de no haberlas objetado oportunamente."[31] Empero, un error al impartir las instrucciones al jurado no acarrea la revocación automática de una sentencia.[32] Para revocar una sentencia de convicción será necesario que el error sea perjudicial o que viole derechos fundamentales o sustanciales del acusado.[33]

III

Según se desprende del recuento procesal, esta Curia le ha concedido múltiples oportunidades al apelante para cumplir con las disposiciones de la Reglas 29 y 76.1 de nuestro Reglamento[34], que requieren que la parte apelante someta una transcripción,

---

[26] *Id.*
[27] *Id.*
[28] *Pueblo v. Velázquez Caraballo*, 110 DPR 369, 372 (1980).
[29] *Pueblo v. Ortiz Martínez*, supra, pág. 151.
[30] *Pueblo v. Doménech Meléndez*, 98 DPR 64, 68 (1969).
[31] *Pueblo v. Ortiz Martínez*, supra.
[32] *Pueblo v. Torres Rodríguez*, 119 DPR 730, 740 (1987).
[33] *Id.*
[34] *Id.*, R. 29 y 76.1.

exposición estipulada o exposición narrativa de la prueba oral presentada ante el TPI. No obstante, a pesar de la amplia oportunidad que se le ha conferido al apelante, este ha incumplido con el requerimiento procesal y con varias de las órdenes emitidas por este Tribunal en atención al asunto.

La presentación de una transcripción o exposición narrativa es requisito medular en aquellas circunstancias en las que se impugne la apreciación de la prueba oral, como ocurre en este caso. Sobre ello, nuestro Tribunal Supremo ha razonado que tal omisión provoca que este foro intermedio se encuentre impedido de evaluar los errores que se le imputan al foro apelado, puesto que la intervención con dicha prueba tiene que estar basada en un análisis independiente de la prueba desfilada, y no en los hechos que exponen las partes.[35] Así pues, **la omisión de presentar la prueba estipulada en casos como el de autos,** constituye un incumplimiento patente con las disposiciones de las Reglas 29 y 76.1 de nuestro Reglamento[36], que **no nos coloca en posición de atender los méritos de la controversia que se nos presenta**.

Según hemos expuesto, en el recurso de Apelación se esgrimió la alegada comisión de dos (2) errores por el foro primario. Comenzando por el *segundo* señalamiento de error, el asunto ante nos está directamente relacionado a la apreciación de la prueba realizada por el foro de instancia, por lo que, para que esta Curia pueda atender el asunto, era obligación del apelante presentar el proyecto de exposición narrativa de la prueba oral de los días de juicio de los cuales no existe grabación. Sin embargo, reiteramos que el apelante no presentó la misma a pesar de las varias oportunidades concedidas por este Tribunal. Conforme a lo discutido en el párrafo que antecede, tal circunstancia no nos coloca

---

[35] *Hernández v. San Lorenzo Const.,* 153 DPR 405, 425 (2001).
[36] 4 LPRA Ap. XXII-B, R. 29 y R. 76.1.

en posición de revisar y evaluar la apreciación de la prueba realizada por el TPI. Toda vez no estamos en posición de evaluar el *segundo* error por falta la falta de presentación de la exposición narrativa, nos abstenemos de alterar una convicción basada en evidencia que fue presentada y evaluada por un jurado que unánimemente encontró culpable al apelante. Reiteramos que, ante la ausencia de la exposición narrativa, no estamos en posición de concluir que se cometió el segundo error.

En relación al *primer* señalamiento de error, de los autos del surge que la defensa del apelante solicitó que se impartiera la instrucción al jurado sobre la figura del cooperador.[37] Sin embargo, evaluada la solicitud, el tribunal *a quo* determinó que la misma no se impartiría puesto que no se sostenía con la prueba presentada y no había base en el récord sobre ello.[38]

Recordemos que, conforme a la Regla 137 de Procedimiento Criminal[39], ninguna de las partes podrá señalar como error cualquier porción de las instrucciones u omisión en las mismas a menos que la misma haya sido objetada o solicitada, y que se haya expuesto claramente los motivos de su impugnación, o de su solicitud.[40] Además, en caso de que se presente una apelación que impugne las instrucciones al jurado, resulta imprescindible para lograr la revocación de la convicción que el error que se señala sea perjudicial o viole derechos fundamentes o sustanciales del acusado.[41]

Aunque surge de los autos originales que la defensa solicitó que se impartiera la instrucción que se incluye en el primer señalamiento de error, subrayamos nuevamente que la parte apelante no presentó ante esta Curia la exposición narrativa, que

---

[37] Minuta del 5 de octubre de 2021.
[38] Minuta del 6 de octubre de 2021.
[39] 34 LPRA Ap. II, R. 137.
[40] *Id.*
[41] *Id.*

nos colocaría en posición de determinar si la decisión del tribunal de instancia fue perjudicial al apelante o violó algún derecho fundamental o sustancial de este.[42] Insistimos pues, no nos encontramos en posición de entrar en los méritos del presente caso, ante la falta de la exposición narrativa, pese a las oportunidades concedidas por este Tribunal.

Habida cuenta de todo lo anterior, nos abstenemos de alterar una convicción basada en evidencia que fue presentada y evaluada ante un jurado que unánimemente encontró culpable al apelante. Por tanto, procede la confirmación de la Sentencia apelada.

IV

Por los fundamentos que anteceden, se *confirma* el dictamen recurrido. Notifíquese a todas las partes incluyendo al Secretario del Departamento de Corrección y Rehabilitación para que le haga entrega de la presente Sentencia al señor Jay O'Neill González, toda vez que desconocemos en cuál institución penal se encuentra.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[42] *Id.*