Juan José Torres Figueroa, demandante y recurrido, *v.* Estado Libre Asociado de Puerto Rico y Otros, demandados y peticionarios.

*Número:* O-75-514     *Resuelto:* 20 de febrero de 1976

*Miriam Naveira de Rodón, Procuradora General,* y *Lirio Bernal de González,* Procuradora General Auxiliar, abogadas de los peticionarios; *María E. Gorbea de Méndez,* abogada del recurrido.

PER CURIAM: Juan José Torres Figueroa demandó al Estado Libre Asociado porque, según alega en la demanda, mientras conducía un automóvil por una carretera pública se cayó un árbol, causándole daños al vehículo.

El Estado presentó moción de sentencia sumaria basándose en falta de jurisdicción ya que el demandante no cumplió con el requisito de notificación previa al Secretario de Justicia, a tenor con la Ley Núm. 121 de 24 de junio de 1966, según

enmendada; 32 L.P.R.A. sec. 3077a. El tribunal declaró con lugar la sentencia sumaria y desestimó la demanda por la razón antes dicha pero posteriormente, en reconsideración, se revocó y declaró sin lugar dicha moción de sentencia sumaria. Ordenó al Estado a contestar la demanda.

Recurrió ante nos el Estado mediante petición de *certiorari* y en 11 de diciembre de 1975 expedimos Orden Para Mostrar Causa concediendo un término a los recurridos para que mostraran causas por las cuales no debía revocarse la resolución recurrida y dictarse sentencia declarando con lugar la solicitud de sentencia sumaria del peticionario.

Los recurridos han comparecido a mostrar causa pero no nos han persuadido. Admite el demandante recurrido que no cumplió con el requisito de notificación que exige la antes citada Ley Núm. 121 por entender que el Estado se enteró del accidente por el periódico y por unos camineros que son empleados del demandado. También argumenta que el Estado se enteró mediante la presentación de dos demandas en otros casos que se presentaron por los mismos hechos.

Es claro que las formas antes mencionadas no constituyen la manera de notificar al Estado de reclamaciones o pleitos por daños en su contra. Como hemos tenido ocasión de reiterar anteriormente, la ley exige notificación al Secretario de Justicia mediante correo certificado, o por diligenciamiento personal, o en otra forma fehaciente reconocida en derecho. 32 L.P.R.A. sec. 3077a(b). En este caso la demanda se presentó ya pasado el término de noventa días que dispone la ley para hacer dicha notificación, sin que la misma se hiciese. La notificación al Secretario de Justicia, en las formas antes dichas, es requisito de estricto cumplimiento. *E.L.A.* v. *Tribunal Superior*, 104 D.P.R. 160 (1975); *Ruiz Millán* v. *Maryland Cas. Co.*, 101 D.P.R. 249, 250 (1973); *García* v. *Northern Assurance Co.*, 92 D.P.R. 245, 248 (1965); *Mangual* v. *Tribunal Superior*, 88 D.P.R. 491 (1963).

*Se revocará la resolución dictada en este caso por el Tribunal Superior, Sala de San Juan, en 15 de agosto de 1975; se declarará con lugar la moción de sentencia sumaria y se desestimará la demanda.*

El Juez Asociado Señor Irizarry Yunqué no intervino.