JUAN ROLÓN RIVERA Y OTROS, demandantes y recurrentes, *v.* ESTADO LIBRE ASOCIADO DE PUERTO RICO, codemandado y recurrido; UNIVERSIDAD DE PUERTO RICO, tercera demandada.

*Número:* R-76-125    *Resuelto:* 23 de julio de 1976

*Gilberto González Barreto,* abogado de los recurrentes; *Miriam Naveira de Rodón, Procuradora General, Américo Serra, Procurador General Interino,* y *Justo Gorbea Varona, Procurador General Auxiliar,* abogados del Estado Libre Asociado de Puerto Rico.

PER CURIAM: ■ Las reclamaciones contra el Estado Libre Asociado de Puerto Rico, por daños causados por culpa o negligencia de dicho Estado, deberán ser presentadas al Secretario de Justicia mediante notificación escrita en la que se hagan constar ciertos particulares requeridos por ley. 32 L.P.R.A. sec. 3077a(a). Dicha notificación "se *entregará* al Secretario de Justicia *remitiéndola* por correo certificado, o

por diligenciamiento personal; o en cualquier otra forma fehaciente reconocida en derecho." *Id.* sec. 3077a(b). Y, debe presentarse dentro de los noventa (90) días siguientes a la fecha en que el reclamante tuvo conocimiento de los daños que reclama. *Id.* sec. 3077a(c). La notificación escrita, en la forma y manera y dentro de los plazos prescritos precedentemente, es requisito jurisdiccional para iniciar acción judicial contra el Estado por daños causados por su culpa o negligencia, a menos que haya mediado justa causa en el incumplimiento de los requisitos señalados anteriormente. *Id.* sec. 3077a(e).

Surge del expediente de este caso que la notificación fue enviada al Secretario de Justicia por correo certificado dentro del término de 90 días después de ocurridos los hechos alegadamente culposos, y fue recibida por dicho funcionario a los 91 días a partir de los hechos.

El tribunal de instancia desestimó la demanda en cuanto al Estado considerando que la notificación fue tardía.

Expedimos orden dirigida a las partes para que mostraran causa por la cual no debía expedirse el auto solicitado por la parte demandante-recurrente para dejar sin efecto la resolución dictada por el tribunal de instancia que desestimó la demanda por incumplimiento con el requisito de notificación al Secretario de Justicia.

Hemos dicho reiteradamente que la notificación escrita, en la forma y manera y dentro de los plazos prescritos en la Sec. 3077a es requisito de estricto cumplimiento, a menos que haya mediado justa causa para ello. 32 L.P.R.A. sec. 3077a(e); *Torres Figueroa* v. *E.L.A.*, 104 D.P.R. 673 (1976); *E.L.A.* v. *Tribunal Superior*, 104 D.P.R. 160 (1975).

La cuestión a resolver es si el envío por correo certificado dentro del término legal de noventa (90) días constituye una entrega válida al Secretario de Justicia conforme lo estatuye la ley. El propio inciso (c) de la Sec. 3077a dispone que la entrega al Secretario se hará "remitiéndola por correo certificado o por diligenciamiento personal o en cual-

quier otra forma fehaciente reconocida en derecho." Los demandantes escogieron el medio de remisión por correo certificado, lo que hicieron dentro del término legal de noventa días. La notificación hecha en esa forma es eficaz y cumple con la ley.

En vista de lo expuesto precedentemente *se expedirá el auto solicitado y se dejará sin efecto la resolución dictada por la Sala de Bayamón de 3 de marzo de 1976 en el caso civil CS-73-4587, Juan Rolón Rivera, etc. v. Corporación Centro Médico de Puerto Rico y otros v. Universidad, que desestimó la demanda en cuanto al Estado Libre Asociado de Puerto Rico.*

El Juez Asociado Señor Díaz Cruz disintió en opinión separada con la cual concurre el Juez Asociado Señor Torres Rigual.

—O—

Opinión disidente del Juez Asociado Señor Díaz Cruz en la cual concurre el Juez Asociado Señor Torres Rigual.

San Juan, Puerto Rico, a 23 de julio de 1976

La opinión de mayoría incurre en el pecado de sobreponer lo accesorio a lo principal. Destaca con subrayado que la notificación previa en demandas contra el Estado "se *entregará* al Secretario de Justicia *remitiéndola* por correo certificado, o por diligencia personal", etc. y relega a segundo plano la esencial disposición de ley donde se fija el plazo, el Art. 2A (c) adicionado por Ley Núm. 121 de 24 de junio de 1966 (32 L.P.R.A. sec. 3077a (c)), que con gran claridad ordena:

"(c) La referida notificación escrita *se presentará* al Secretario de Justicia dentro de los noventa (90) días siguientes a la fecha en que el reclamante tuvo conocimiento de los daños que reclama." (Bastardillas nuestras.)

Nó hay que ahondar en raciocinio para reconocer que *presentar al Secretario de Justicia* no es presentar en una

ventanilla de correos para certificar. Se autoriza el uso del correo certificado en la misma forma en que podría utilizarlo un recurrente en revisión para *presentar en Secretaría* de este Tribunal, asumiendo el riesgo de que expire el término por demora o extravío en el sistema postal. El hecho de que la Ley conceda una opción para notificar al Secretario personalmente, por correo certificado o por cualquier otra forma fehaciente no enerva, ni reduce ni en modo alguno modifica la exigencia de que la notificación se cumpla *presentándola al Secretario* en término de 90 días. No hay manera de leer esta Ley para concluir que el legislador en vez de 90 días quiso decir 90 días más los que se tome el correo. (¹) Ni 90 días más lo que tome el diligenciante con los papeles en llegar a Secretaría de Justicia, cuando se opte por la notificación personal.

Fue correcta la decisión de instancia desestimando la demanda por defecto de notificación.

Estimo debe resolverse el recurso de revisión con *no ha lugar*.

---

(¹) La actual eficiencia del sistema postal alcanzó una cumbre en estos días cuando un sobre remitido por correo *certificado* y dirigido: Alcaldía Municipal, Ciudad de New York, New York, N.Y., le fue devuelto al remitente, un abogado de Long Island, con un sellito que decía: "Addressee unknown." (New York Times, Junio 8/76.)