CRESENCIO LOPERENA IRIZARRY por sí y en representación de sus 6 hijos y esposa la SRA. ROSAURA ACEVEDO DE LOPERENA, demandantes y recurrentes, *v.* ESTADO LIBRE ASOCIADO E INSURANCE COMPANY OF PUERTO RICO, demandados y recurridos.

*Número:* R-77-304    *Resuelto:* 6 de octubre de 1977

*Rafael Castro Pérez* y *Arcadio García Colón,* abogados de los recurrentes; *Héctor A. Colón Cruz, Procurador General,* y *Justo Gorbea Varona, Procurador General Auxiliar,* abogados ‹de El Pueblo.

EL JUEZ ASOCIADO SEÑOR DÍAZ CRUZ emitió la opinión del Tribunal.

En este pleito de daños y perjuicios instado contra el Estado Libre Asociado y su aseguradora[1] se probaron

[1] En la acción directa el asegurador está impedido de interponer las defensas personales o privativas del asegurado. *García* v. *Northern Assurance Co.,* 92 D.P.R. 245, 254 (1965).

daños para un total de $10,800 causados por un policía de tránsito mientras conducía un automóvil de patrulla. En el curso procesal del litigio El Estado al contestar opuso la defensa de falta de notificación previa exigida por 32 L.P.R.A. sec. 3077a, la cual retiró el 2 de noviembre de 1972 expresando su abogado que "hemos sido informados que el demandante cumplió con la Ley que gobierna la materia de informar al Estado Libre Asociado sobre intención de demandar." Transcurridos más de cuatro años cuando se entró a juicio en los méritos el día 3 de marzo de 1977, El Estado planteó nuevamente la defensa de falta de notificación oportuna y ofreció la propia carta de notificación del demandante al Secretario de Justicia que aparece certificada y puesta al correo el 91° día, que representa una tardanza de un día, sin que la parte actora haya invocado razón o excusa por la demora. La sala de instancia desestimó la demanda contra E.L.A. constreñida por el lenguaje de nuestro *per curiam* en *Rolón Rivera* v. *Estado Libre Asociado*, 105 D.P.R. 7, en cuanto a que "[l]a notificación escrita . . . es requisito *jurisdiccional* para iniciar acción judicial contra el Estado . . . ." (Énfasis suplido.)

Al recurrir la parte actora expedimos orden para mostrar causa por la que no deba expedirse el auto de revisión e incluir al E.L.A. como responsable solidario de la sentencia dictada. El Procurador General ha comparecido sosteniendo la decisión de instancia sobre las líneas de lo expresado en *Rolón Rivera*, supra; y la aparente contradicción entre precedentes jurisprudenciales exige clarificación del punto en cuestión.

Nuestra jurisprudencia ha sido constante en sostener que la notificación previa al Estado en reclamaciones por daños y perjuicios originados en negligencia exigida por Ley Núm. 121 de 24 de junio de 1966 (32 L.P.R.A. sec. 3077a), si bien es requisito de cumplimiento estricto, no alcanza calidad de condición precedente jurisdiccional. *Insur-*

*ance Co. of P.R.* v. *Ruiz,* 96 D.P.R. 175, 179 (1968) ; *Rivera Rivera* v. *Trinidad,* 100 D.P.R. 776, 780 (1972). Esta calificación libera al tribunal de un automatismo dictado por el calendario y salva su fundamental facultad para conocer del caso y proveer justicia según lo ameriten las circunstancias. También hace de dicho requisito uno renunciable por el Estado en los casos que considere apropiados y con la flexibilidad y opción que toda parte demandada tiene para suscitar o renunciar una defensa contra la demanda. No estamos derogando el requisito de notificación previa, acción que compete a la Asamblea Legislativa. Estamos sólo destacando la diferencia conceptual con efectos jurídicos distintos entre lo que es "requisito de cumplimiento estricto" y "requisito jurisdiccional".

■ La aparente desviación de la doctrina en *Rolón Rivera,* supra, es dictum sin consecuencia, desvinculado de la cuestión allí adjudicada, a saber: ". . . si el envío por correo certificado dentro del término legal de noventa (90) días constituye una entrega válida al Secretario de Justicia . . . ."

Renunciada la defensa por el Estado en el caso que nos ocupa y no habiendo cuestión jurisdiccional, procede dictar sentencia a tenor de la solución intimada en la orden para mostrar causa.

*Se expedirá el auto y se dictará sentencia modificando la dictada el 12 de mayo de 1977 por la Sala de Arecibo del Tribunal Superior al solo efecto de declarar con lugar la demanda respecto al Estado Libre Asociado, que será responsable solidario por el importe de la indemnización concedida. Así modificada será, confirmada.*

El Juez Asociado Señor Rigau no intervino. El Juez Asociado Señor Irizarry Yunqué concurre en el resultado.