Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| | | |
|---|---|---|
| RAFAEL A. MELÉNDEZ RIVERA<br><br>Recurrido<br><br><br>V.<br><br><br>ESTADO LIBRE ASOCIADO DE PUERTO RICO Y OTROS<br><br>Peticionarios | KLCE202301062 | Recurso de *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm.: SJ2023CV00325<br><br>Sobre: Daños y Perjuicios |

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pagán Ocasio y el Juez Marrero Guerrero

Marrero Guerrero, Juez Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 30 de octubre de 2023.

Comparece el Estado Libre Asociado de Puerto Rico por conducto de la Oficina del Procurador General (en adelante, el Estado o parte peticionaria) mediante recurso de *certiorari* y nos solicita que revoquemos una *Resolución y Orden* emitida el 13 de julio de 2023 por el Tribunal de Primera Instancia, Sala Superior de San Juan (en adelante, TPI o foro primario). Mediante la aludida Resolución, el TPI declaró NO HA LUGAR la una Moción Solicitando la Desestimación de la Demanda al amparo de la Regla 10.2 de Procedimiento Civil presentada por el Estado. El foro primario también ordenó a los demandados contestar la demanda que el Señor Rafael A. Meléndez Rivera (parte demandante) presentó, so pena de rebeldía.

Por los fundamentos que exponemos a continuación, denegamos expedir el recurso solicitado.

Número Identificador
RES2023_____

-I-

El 17 de enero del 2023, la parte demandante presentó una demanda en contra del Estado; el Negociado de la Policía de Puerto Rico y la Teniente Marylin Vargas Reguero. En esta, solicita compensación monetaria por alegados patrones de discrimen político luego de cesar sus funciones como jefe de escolta de un ex gobernador de Puerto Rico.[1] El 9 de mayo de 2023 el Estado, representado por la Oficina del Procurador General, presentó ante el TPI una Moción Solicitando la Desestimación de la Demanda en su contra al amparo de lo dispuesto en la Regla 10.2 de Procedimiento Civil. En dicha moción, el Estado alegó que la demanda debía ser desestimada debido a que: 1) el foro primario carecía de jurisdicción sobre la materia; 2) la demanda fue notificada al Estado de forma tardía; 3) las alegaciones de la demanda eran insuficientes y 4) la demanda estaba prescrita.[2]

Así las cosas, el TPI emitió la *Resolución y Orden*.[3] En síntesis, el TPI concluyó que si bien la Comisión Apelativa del Servicio Público (en adelante, CASP) de ordinario tiene jurisdicción exclusiva para dilucidar controversias referentes al principio de mérito, la Ley Orgánica de dicha dependencia establece que se podrá acudir al foro judicial a solicitar daños y perjuicios cuando los mismos no hayan sido solicitados ante el ente administrativo. También concluyó que, considerando las alegaciones presentadas en la demanda, los alegados daños se clasifican como continuos, por lo que determinó que la reclamación no estaba prescrita.  Sobre este aspecto añadió que si una vez culminado el descubrimiento de prueba, se establecía que los daños eran sucesivos y no continuos la parte demandada podría presentar nuevamente su planteamiento sobre prescripción.

---

[1] Véase anejo V (demanda original).
[2] Véase anejo VI (moción de desestimación).
[3] Véase la página 10 del anejo III (Resolución y Orden del TPI).

Por los mismos fundamentos sostuvo que la notificación de la intención de demandar fue efectuada dentro del término dispuesto para ello.

El 25 de septiembre de 2023, el Estado presentó ante este Tribunal de Apelaciones su recurso de *certiorari.*  En resumen, el Estado argumentó que, indistintamente de que los daños se reputen sucesivos o continuos, es un hecho incuestionable que la notificación de la posible demanda se realizó fuera del término dispuesto en ley para ello.[4] En su contención, el Estado sostuvo que la naturaleza del daño resulta irrelevante al momento de determinar cuando comienza a computarse el término de noventa días para notificar al Secretario de Justicia sobre una posible demanda en contra del Estado. Explica que este término comienza a transcurrir cuando se tiene conocimiento del daño y quién lo causó. El Estado enfatiza que, en cuanto al segundo incidente, con fecha de 16 de agosto de 2022, la notificación de aviso de posible demanda al Secretario de Justicia debía haberse gestionado no más tarde del 11 de noviembre de 2022.  Sin embargo, la misma se diligenció el 5 de enero de 2023, cuando habían transcurrido ciento treinta y dos días desde que el recurrido advino en conocimiento del alegado daño y quién lo ocasionó, sin que haya demostrado la existencia de justa causa para la tardanza. También alegó que tampoco se emplazó al Secretario de Justicia dentro del mencionado término. En la alternativa, el Estado argumenta que los actos culposos imputados a la Teniente Vargas Reguero por la parte recurrida tuvieron lugar en fechas distintas, uno el 19 de febrero de 2021 (la supuesta denegatoria a la solicitud de destaque)[5] y, el 16 de agosto de 2022 (la supuesta orden de no estar en los predios de Fortaleza)[6], entre

---

[4] Véanse las páginas 15-17 del recurso de certiorari.
[5] Véanse las páginas 16 y 17 del recurso de certiorari.
[6] Pagina 17 del recurso de certiorari.

las que transcurrió más de un año. En relación con esto, el Estado arguye que dichos actos son una secuencia de daños individuales y concretos que se producen en intervalos distintos de tiempo y por esto se deben considerar de carácter sucesivo. Por lo tanto, alega que, cada acto produjo un daño distinto que generó una causa de acción separada para cada acto o incidente. Y por eso, la primera causa de acción del 19 de febrero de 2021, esta prescrita y la segunda, ocurrida el 16 de agosto de 2023 es inoficiosa por falta de notificación al Secretario de Justicia.

-II-

-A-

Distinto al recurso de apelación, el tribunal al que se recurre mediante *certiorari* tiene discreción para atender el asunto planteado, ya sea expidiendo el auto o denegándolo. Véase, *Rivera Figueroa v. Joe's European Shop*, 183 DPR 580, 596 (2011); *García v. Padró*, 165 DPR 324, 334 (2005). El *certiorari* es un recurso extraordinario cuya característica se asienta en "la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos." *McNeil Healthcare v. Mun. Las Piedras I*, 206 DPR 391 (2021); *800 Ponce de León v. AIG*, 205 DPR 163 (2020), *IG Builders et al. v. BBVAPR*, 185 DPR 307, 338 (2012). Este Tribunal tiene la obligación de ejercer prudentemente su juicio al intervenir con el discernimiento del TPI. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008).

Por su parte, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, prescribe los criterios que debemos tomar en consideración al momento de determinar si expedimos o denegamos el auto solicitado:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

-B-

La Regla 10.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2, permite la desestimación de una demanda cuando esta deja de exponer una reclamación que justifique la concesión de un remedio. Al momento de evaluar una moción bajo la Regla 10.2, *supra,* el tribunal deberá tomar como ciertos todos los hechos bien alegados en la demanda que hayan sido aseverados de manera clara y concluyente, y que de su faz no den margen a dudas, y deberá interpretarlos conjuntamente, liberalmente y de la forma más favorable para la parte demandante. *Aut. Tierras v. Moreno & Ruiz Dev. Corp.,* 174 DPR 409, 428-429 (2008).

Además, debe tenerse presente que una demanda solo tiene que contener una relación sucinta y sencilla de la reclamación demostrativa de que el peticionario tiene derecho a un remedio. Véase la Regla 6.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 6.1. La parte demandante no tiene que elaborar alegaciones minuciosas y jurídicamente perfectas, sino bosquejar a grandes rasgos su reclamación, mediante una exposición sucinta y sencilla de los hechos. *Torres Torres v. Torres Serrano,* 179 DPR 481, 501 (2010). Una moción de desestimación al amparo del inciso (5) de la Regla 10.2 de Procedimiento Civil procederá si, luego de examinada, el TPI determina que, a la luz de la situación más favorable al demandante

y resolviendo toda duda a su favor, la demanda es insuficiente para constituir una reclamación válida. *El Día, Inc. v. Mun. de Guaynabo,* 187 DPR 811, 821 (2013). En otras palabras, el promovente de la moción de desestimación tiene que demostrar que, presumiendo que lo allí expuesto es cierto, la demanda no expone una reclamación que justifique la concesión de un remedio. *Rosario v. Toyota,* 166 DPR 1, 7 (2005).

-C-

La jurisdicción se define como el poder o autoridad que posee un tribunal para considerar y decidir un caso o controversia. *Cobra Acquisitions LLC v. Mun. Yabucoa et al.,* 210 DPR 384 (2022). Reiteradamente, nuestro Tribunal Supremo ha manifestado que los tribunales debemos ser fieles guardianes de nuestra jurisdicción y en que no tenemos discreción para asumir jurisdicción en donde no la hay. Es decir, la jurisdicción incide directamente sobre el poder mismo para adjudicar una controversia. *Allied Mgmt. Grp., Inc. v. Oriental Bank,* 204 DPR 374 (2020). Siendo ello así, les corresponde a los foros adjudicativos examinar su propia jurisdicción. *S.L.G. Szendrey-Ramos v. F. Castillo.,* supra, en la pág. 883.

Los foros judiciales de Puerto Rico son de jurisdicción general y tienen autoridad para entender sobre cualquier causa de acción que presente una controversia para su adjudicación a menos que específicamente se le haya privado de su jurisdicción. *Clases A, B y C v. PRTC,* 183 DPR 666 (2011). Ahora bien, una agencia administrativa solo tiene los poderes otorgados expresamente por su Ley habilitadora y aquellos que sean indispensables para cumplir sus deberes, responsabilidades y la política pública que le inspira. *CBS Outdoor v. Billboard One, Inc.*, 179 DPR 391, 403 (2010). Por lo tanto, los foros judiciales administrativos son de jurisdicción limitada. En ciertas ocasiones existen controversias jurídicas que involucran determinaciones administrativas de las agencias del

Estado, donde una legislación o asuntos particulares del caso, priva a los tribunales de jurisdicción o exigen su abstención. *Clases A, B y C v. PRTC, supra.*

La doctrina de jurisdicción primaria es una de las doctrinas de autolimitación judicial de origen jurisprudencial que surgen bajo controversias en el ámbito del Derecho Administrativo. En el ámbito del Derecho Administrativo, cuando la Asamblea Legislativa delega funciones gubernamentales a las agencias administrativas, puede haber incertidumbre con respecto a qué foro, si el judicial o el administrativo, tiene jurisdicción original para dilucidar una controversia que surja con relación a la función delegada. *Rodríguez Rivera v. De León Otaño,* 191 DPR 700 (2014). En esos casos, para determinar qué foro tiene jurisdicción original se utiliza la doctrina de jurisdicción primaria la cual exige que los tribunales emprendan la tarea de examinar los alcances de la Ley habilitadora de una agencia y determinar si el asunto cae estrictamente dentro de su ámbito. *Consejo Titulares v. Gómez Estremera,* 184 DPR 407 (2012). Esta doctrina no tiene el efecto de privar de jurisdicción al foro judicial, sino que dispone cuál foro, ya sea el judicial o el administrativo, debe atender inicialmente la controversia. *Beltrán Cintrón v. ELA,* 204 DPR 89 (2020).

Ahora bien, nuestro Tribunal Supremo ha distinguido dos vertientes dentro de la jurisdicción primaria. La jurisdicción primaria exclusiva o jurisdicción estatutaria es de aplicación cuando una Ley le confiere jurisdicción a determinado organismo administrativo, en el cual establece que este será el único foro con facultad para atender, inicialmente, determinada controversia. *Beltrán Cintrón v. ELA, supra.* La misma, persigue suplir un procedimiento ágil y sencillo, poco costoso, que atienda el asunto sin el rigor procesal que generalmente ha caracterizado a los tribunales tradicionales. *CBS Outdoor v. Billboard One, Inc. et al.,*

*supra.* Quiere decir que, cuando la Ley le confiere jurisdicción exclusiva al organismo administrativo, los tribunales quedan excluidos de intervenir en primera instancia. *Id.* No obstante, la jurisdicción primaria exclusiva no excluye la revisión judicial, sino que la pospone hasta que el organismo administrativo emita su decisión final". *SLG Semidey Vázquez v. ASIFAL,* 177 DPR 657 (2009).

-D-

La Ley de Personal del Servicio Público, Ley Núm. 5 de 14 de octubre de 1975, 3 LPRA ant. sec. 1301 et seq. (derogada), estableció la Junta de Apelaciones del Sistema de Administración de Personal (JASAP). Ese estatuto fue derogado por la Ley para la Administración de los Recursos Humanos en el Servicio Público, Ley Núm. 184-2004, 3 LPRA secs. 1461-1468p, la cual creó la Comisión Apelativa del Sistema de Administración de Recursos Humanos (CASARH) para sustituir a JASAP. A ese organismo apelativo (CASARH) se le concedió jurisdicción apelativa en las reclamaciones de los empleados públicos no organizados sindicalmente, las cuales se relacionen al principio de mérito, entiéndase la clasificación de puestos, reclutamiento y selección, ascensos, traslados y descensos, adiestramiento, y retención. Con el Plan de Reorganización Núm. 2 de 2010, aprobado el 26 de julio de 2010, 3 LPRA Ap. XIII, se estableció la CASP, 35 3 LPRA sec. 1462. Este organismo posee jurisdicción apelativa para atender asuntos obrero-patronales y del principio de mérito. En lo pertinente, el Art. 12 del mencionado Plan de Reorganización dispone lo siguiente: La Comisión tendrá jurisdicción exclusiva sobre las apelaciones surgidas como consecuencia de acciones o decisiones de los Administradores Individuales y los municipios en los casos y por las personas que se enumeran a continuación: (a) cuando un empleado, dentro del Sistema de Administración de los Recursos Humanos, no cubierto

por la Ley Núm. 45 de 25 de febrero de 1998, según enmendada, conocida como la "Ley de Relaciones del Trabajo del Servicio Público", alegue que una acción o decisión le afecta o viola cualquier derecho que se le conceda en virtud de las disposiciones de la Ley Núm. 184 de 3 de agosto de 2004, según enmendada, la Ley Núm. 81 de 30 de agosto de 1991, según enmendada, conocida como la "Ley de Municipios Autónomos", los reglamentos que se aprueben para instrumentar dichas leyes, o de los reglamentos adoptados por los Administradores Individuales para dar cumplimiento a la legislación y normativa aplicable. *Véase Torres Pagan et al. v. Mun. de Ponce* 191 DPR 583 (2014).

-E-

El Tribunal Supremo de Puerto Rico ha reconocido y distinguido diferentes tipos de daños. Entre ellos se encuentran los daños continuos o continuados y los daños sucesivos. Sobre los daños continuos el Tribunal Supremo los define como aquellos producidos por uno o más actos culposos o negligentes imputables al actor, coetáneos o no, que resultan en consecuencias lesivas ininterrumpidas, sostenidas, duraderas sin interrupción, unidas entre sí, las cuales al ser conocidas hacen que también se conozca por ser previsible el carácter continuado e ininterrumpido de sus efectos, convirtiéndose en ese momento en un daño cierto compuesto por elementos de daño actual y por tanto cierto". *Rivera Ruiz, et al. v. Mun. de Ponce*, 196 DPR 410, 417-418 (2016). Estos tipos de daños se distinguen por ser daños derivados de acto ilícito como unidad y no como una pluralidad de daños particulares. Por su naturaleza, el plazo prescriptivo para reclamar por daños de naturaleza continua comienza a transcurrir cuando se verifique el último de los actos o se produzca el resultado definitivo. *Rivera Ruiz v. Mun. de Ponce, supra; Velázquez Ortiz v. Mun. Humacao*, 197 DPR 656, 666-667 (2017).

Sobre los daños sucesivos, en *Cacho González et al. v. Santarrosa et al.*, 203 DPR 215, 222-223 (2019), nuestro Alto Foro sostuvo que estos daños constituyen una secuencia de daños individuales y concretos que se producen en intervalos finitos de tiempo. Cada lesión a causa de un acto u omisión culposa o negligente produce un daño distinto, que a su vez genera una causa de acción independiente. Son daños ciertos que se van repitiendo, sin que necesariamente sean idénticos, y que no son previsibles o susceptibles de ser descubiertos empleando diligencia razonable. En este caso, el Tribunal Supremo aclara que, aunque tradicionalmente se han referido a las doctrinas bajo estudio como daños continuos o daños sucesivos, lo que en realidad es continuo o sucesivo en estos escenarios es el acto u omisión que produce el daño y no, necesariamente, la lesión sufrida. *Id.* Lo anterior permite poder distinguir los hechos de cada caso y aplicar la doctrina correspondiente. Los daños continuados tienen tres rasgos distintivos: (1) nace de uno o varios actos culposos o negligentes imputables al mismo actor; (2) los daños ocasionados se manifiestan ininterrumpidamente, y (3) esos daños, en conjunto, conforman un proceso perjudicial progresivo de carácter unitario. *Velázquez Ortiz v. Mun. Humacao, supra*, en las págs. 665-666.

En *Rivera Ruiz v. Mun. de Ponce, supra*, pág. 426, el Tribunal Supremo estableció que, ante daños y perjuicios causados por cualquier acto u omisión culposo o negligente de carácter continuado, el término prescriptivo para incoar una acción para solicitar resarcimiento comienza a transcurrir cuando se verifiquen los últimos actos u omisiones o se produzca el resultado definitivo, lo que sea posterior.

-F-

La prescripción es una figura que extingue un derecho debido a que una parte no lo ejerce en un período determinado por ley.

*Fraguada Bonilla v. Hosp. Aux. Mutuo,* 186 DPR 365 (2012). A su vez, es una institución de derecho sustantivo, y no procesal, que extingue el derecho a ejercer determinada causa de acción. *Meléndez Lebrón v. Rodríguez Casiano*, 203 DPR 885 (2020). Para evitar el efecto que tiene la prescripción sobre el derecho para ejercer una causa de acción, nuestro ordenamiento civil reconoce tres formas de interrumpir el transcurso del término, a saber: por su ejercicio ante los tribunales, por reclamación extrajudicial del acreedor y por cualquier acto de reconocimiento de la deuda por el deudo". Una vez se interrumpe oportunamente, el término prescriptivo comienza a transcurrir nuevamente. *SLG García-Villega v. ELA,* 190 DPR 799, 816 (2014). Por tanto, conforme al Artículo 1197 del vigente Código Civil de 2020 31 LPRA sec. 5311 et seq, salvo que se produzca la interrupción mediante alguna de las formas indicadas, el término prescriptivo para una acción en daños y perjuicios es de un (1) año.

De otra parte, en virtud de la doctrina de inmunidad soberana, en nuestra jurisdicción se requiere del consentimiento del Estado para entablar procedimientos judiciales en su contra. *Defendini Collazo et al. v. ELA,* 134 DPR 28 (1993). Para viabilizar lo anterior, la Asamblea Legislativa aprobó la Ley Núm. 104 de 29 de junio de 1955, 32 LPRA § 3077, *et seq.,* En lo pertinente, para presentar la reclamación contra el ELA, la parte perjudicada deberá acreditar lo siguiente:

    (a) presentar al Secretario de Justicia una notificación escrita haciendo constar, en forma clara y concisa, la fecha, sitio, causa y naturaleza general del daño sufrido, los nombres y direcciones de sus testigos, y la dirección del reclamante, así como el sitio donde recibió tratamiento médico en primera instancia.

    (b) Dicha notificación se entregará al Secretario de Justicia remitiéndola por correo certificado, o por diligenciamiento personal, o en cualquier otra forma fehaciente reconocida en derecho.

(c) **La referida notificación escrita se presentará al Secretario de Justicia dentro de los noventa (90) días siguientes a la fecha en que el reclamante tuvo conocimiento de los daños que reclama.** (Énfasis nuestro) Si el reclamante estuviere mental o físicamente imposibilitado para hacer dicha notificación dentro del término prescrito, no quedará sujeto a la limitación anteriormente dispuesta, viniendo obligado a hacer la referida notificación dentro de los treinta (30) días siguientes a la fecha en que cese la incapacidad.

(d) [...]

(e) **No podrá iniciarse acción judicial de clase alguna contra el Estado Libre Asociado de Puerto Rico por daños causados por la culpa o negligencia de aquél, si no se hubiese efectuado la notificación escrita en la forma y manera y dentro de los plazos prescritos en esta sección, a menos que no haya mediado justa causa para ello. Esta disposición no será aplicable a los casos en que la responsabilidad del Estado esté cubierta por una póliza de seguro.** (Énfasis nuestro)

El requisito de notificación persigue el propósito de "poner sobre aviso al Gobierno de que ha surgido una probable causa de acción por daños en su contra de modo que pueda activar sus recursos de investigación prontamente." *Rosario Mercado v. ELA*, 189 DPR 561 (2013); *Rivera de Vincenti v. ELA*, 108 DPR 64, 69 (1978). La norma persigue proveerle al Estado la oportunidad de investigar lo reclamado en una fecha cercana a los hechos imputados, para así permitir al Estado tomar medidas necesarias, tramitar prontamente la reclamación y evitar daños futuros. El término de 90 días es de cumplimiento estricto, por lo que no alcanza calidad de condición precedente jurisdiccional. *Loperena Irizarry v. ELA*, 106 DPR 357, 359 (1977). Esta calificación, libera al tribunal de un automatismo dictado por el calendario y salva su fundamental facultad para conocer del caso y proveer justicia según lo ameriten las circunstancias. *Id.*, en la pág. 360

-III-

Tal y como concluyó el TPI, conforme al Plan de Reorganización de la Comisión Apelativa del Servicio Público, los

empleados públicos pueden recurrir al foro judicial para el reclamo de daños y perjuicios cuando no los reclamen ante la CASP. Por lo que no es correcto el planteamiento de que el foro primario carezca de jurisdicción para el asunto.

De otra parte, coincidimos con el foro primario en que el trámite se encuentra en una etapa muy prematura para que se pueda determinar si los alegados daños sufridos por el demandante se clasifican como sucesivos o continuados. En gran medida, la subsistencia de la reclamación realizada por el Señor Rafael A. Meléndez Rivera depende de la clasificación que en su momento el Tribunal les dé a los alegados daños si es que estos logran probarse en el Tribunal. En este momento, de las alegaciones contenidas en la demanda, el TPI entiende que se tratan de daños continuados. Por tal razón, tanto la presentación de la demanda como la notificación al Estado no fueron presentadas tardíamente. Enfatizamos que, si el Estado considera que se tratan de daños sucesivos o considera que la reclamación es tardía, deberá así establecerlo a satisfacción del TPI en su día en juicio ordinario o mediante los procesos de descubrimiento de prueba. Coincidimos con el foro primario que al presente no estamos en posición de tomar una decisión a esos efectos. En cuanto al planteamiento realizado por el Estado, sobre la insuficiencia de las alegaciones basta señalar que las Reglas de Procedimiento Civil establecen que las alegaciones serán sucintas y sencillas. Es decir, estas deberán ser sostener que ocurrieron unos hechos y que estos sean suficientes para obtener un remedio.

Como se deriva de lo que se expusiera previamente, corresponde a las partes demostrar o derrotar que los hechos, ocurrieron o no, o si estos se clasifican como daños continuos o sucesivos. En este momento, es una etapa prematura para decidir como clasificar los daños y, por tanto, desestimar la causa de acción.

Luego de examinar el expediente y los argumentos presentados por la parte peticionaria, no surge que el foro primario haya actuado de forma prejuiciada o parcializada, ni que incurriera en un craso abuso de discreción o que se equivocara en la aplicación de la norma jurídica. La parte peticionaria tampoco logró convencernos de que abstenernos de interferir con el dictamen del TPI constituiría un fracaso irremediable de la justicia. Por consiguiente, denegamos la expedición del auto de *certiorari*.

-IV-

Por los fundamentos expuestos previamente denegamos expedir el auto de *certiorari.*

Lo acuerda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones